Jerry D. BLACK, Appellant,

v.

Joe BARNETT; Dan Flowers; Maurice Smith, Appellees.

No. 93–1708.

United States Court of Appeals, Eighth Circuit.

Submitted July 13, 1993.

Decided Aug. 2, 1993.

---

John Wesley Hall, Jr., Little Rock, AR, argued, for appellant.

Michael Moore and Robert Wilson, Little Rock, AR, argued, for appellees.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

**1296**

PER CURIAM.

Jerry D. Black brought this wrongful discharge action, contending Arkansas State Highway and Transportation Department (ASHTD) officials Joe Barnett, Dan Flowers, and Maurice Smith deprived Black of a property right when they terminated Black's employment without following a four-step progressive discipline policy. The district court granted Barnett, Flowers, and Smith summary judgment because Black failed to demonstrate that either the ASHTD's employee handbook or its discipline policy created a property interest in continued employment. Black appeals and we affirm.

Arkansas adheres to the employment-at-will doctrine. *Mertyris v. P.A.M. Transp., Inc.,* 310 Ark. 132, 832 S.W.2d 823, 825 (1992). Although the Arkansas Supreme Court has recognized exceptions to the at-will doctrine, *see id.* at 134–35, 832 S.W.2d at 825, none of these exceptions apply here. Black has neither identified any contract, state statute, or other document that established a property interest in continued employment, nor shown he was employed for a definite time. The employee handbook states "[ASHTD] is not offering or contracting employment for a definite period of time" and ASHTD "reserves the right to discharge any employee at any time."

In light of these provisions, it would be inconsistent to interpret the discipline policy as anything but a discretionary guide to supervisors. In our view, this case is not like *Qualls v. Hickory Springs Mfg. Co.,* 994 F.2d 505 (8th Cir.1993), in which the mandatory rule on drug testing was held to have created a narrowly defined modification of the employee's at-will status. Thus, we conclude the district court properly granted summary judgment to the officials.

Accordingly, we affirm.